UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br><br>          Plaintiff,<br><br>     v.<br><br>LIFETIME ADVOCACY PLUS et al.,<br><br>          Defendant(s). | CASE NO. 2:25-cv-01785-TL<br><br>ORDER ON MOTION TO APPOINT COUNSEL AND MOTION TO AMEND COMPLAINT |

This matter is before the Court on Plaintiff Justin Baker's Motions to Appoint Counsel (Dkt. Nos. 11, 20), as well as his Motion to Amend Complaint (Dkt. No. 21). Plaintiff filed this action pro se and in forma pauperis ("IFP"). Dkt. No. 7. On September 18, 2025, Magistrate Judge Brian Tsuchida granted Plaintiff's application to proceed IFP. Dkt. No. 9.

A.     **Motion to Appoint Counsel**

In civil cases, the appointment of counsel to a pro se litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing

*Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998).

Plaintiff has failed to set forth exceptional circumstances warranting the appointment of counsel in this case, as he has displayed sufficient ability to articulate his claims in this matter. At this time, the Court cannot conclude whether Plaintiff's claims have a strong likelihood of success on the merits. In addition, the Court notes that Plaintiff successfully filed and brought to conclusion another case in this district without counsel. *Baker v. Avenue5 Residential*, Case No. 24-1862 (W.D.Wash.).

Therefore, the Court denies Plaintiff's request without prejudice and with leave to make another request at a later time, should it become appropriate.

**B.    Motion to Amend Complaint**

Federal Rule of Civil Procedure 15 ("Rule 15") governs amending complaints. Fed. R. Civ. P. 15. Rule 15 states, in relevant part, "[a] party may amend its pleading once as a matter of course" and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed R. Civ. P. 15(a)(1) & (2).

Plaintiff filed his initial complaint on September 18, 2025. Dkt. No. 10. On October 24, 2025, Plaintiff filed an amended complaint. Dkt. No. 13. Plaintiff now moves to amend his complaint a second time. Defendants have not given written consent for Plaintiff to amend his complaint a second time and have already answered the amended complaint. Dkt. No. 32. The

Court will not give Plaintiff leave to file an amended complaint, as he has already done so once before.

**C.      Plaintiff's Response to Defendants' Answer**

Federal Rule of Civil Procedure 7 contemplates two types of filings—pleadings and motions. *See* Fed. R. Civ. P. 7. In general, a pleading is a complaint or an answer to a complaint (*see* Fed. R. Civ. P. 7(a)), and a motion is a request for a court order (*see* Fed. R. Civ. P. 7(b)). Documents that do not fall into one of these two categories should not be filed on the docket, unless the Court has expressly requested it. *See Chang v. Vanderwielen*, No. C22-13, 2022 WL 2871577, at *1 n.1 (W.D. Wash. July 21, 2022) (advising plaintiff to "refrain from submitting documents or other filings neither requested by the Court, nor allowed under the Court's rules," and refusing to consider "other extraneous filings").

Plaintiff has filed several documents to the docket that are neither pleadings nor motions. *See* Dkt. Nos. 33, 34, 36. These documents were neither requested by the Court, nor allowed under the Court's rules. Therefore, the Court directs the clerk to strike docket numbers 33, 34, and 36 from the docket.

**D.      Conclusion**

For the foregoing reasons, the Court ORDERS:

1. Plaintiff's Motions to Appoint Counsel (Dkt. Nos. 11, 20) are DENIED.

2. Plaintiff's Motion to Amend Complaint (Dkt. No. 21) is DENIED.

3. The Clerk is DIRECTED to strike Docket Numbers 33, 34, and 36.

Dated this 15th day of December, 2025.

Tana Lin
United States District Judge