UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br><br>               Plaintiff,<br>v.<br><br>LIFETIME ADVOCACY PLUS et al.,<br><br>               Defendant(s). | CASE NO. 2:25-cv-01785-TL<br><br>ORDER STRIKING MOTION FOR SERVICE BY THE UNITED STATES MARSHAL AS MOOT |

This matter is before the Court on Plaintiff's Motion for Service of Summons by the United States Marshal Service. Dkt. No. 16. Plaintiff is proceeding in this matter *in forma pauperis* and seeks assistance with service of the Summons and Complaint on Defendant. Having reviewed Plaintiff's motion and the relevant record, the Court STRIKES Plaintiff's motion as MOOT.

## I.    LEGAL STANDARD

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists v. Eclat*

*Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). However, "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in *service* or personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (emphasis added); *see also* Fed. R. Civ. P. 12(h)(1). A pleading is responsive when it demonstrates a clear intention to defend against the lawsuit. *Id.*; *see also Benshoof v. Chin*, C24-cv-808, 2025 WL 1654674, at *3 (W.D. Wash. June 10, 2025).

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 12, "[a] party waives any defense listed in Rule 12(b)(2)–(5) by[ ] . . . failing to . . . include it in a responsive pleading[.]" Fed. R. Civ. P. 12(h)(1)(B)(ii). Included in the Rule 12(b) list of defenses waived is the defense of insufficient service of process. Fed. R. Civ. P. 12(b)(5).

Here, the answer was filed prior to being served with a summons. By filing an answer, Defendants have recognized that this matter is in court and that they intend to defend against it. However, Defendants' answer in this matter failed to raise a challenge for insufficient service of process. *See generally* Dkt. No. 32. Therefore, Defendants waive the requirement for personal service. As such, Plaintiff's motion is moot.

## III. Conclusion

Accordingly, the Court DIRECTS the clerk to STRIKE Plaintiff's Motion for Service by the United States Marshals (Dkt. No. 16).

Dated this 17th day of December, 2025.

Tana Lin
United States District Judge