UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN BAKER,

                Plaintiff,

      v.

LIFETIME ADVOCACY PLUS et al.,

                Defendants.

CASE NO. 2:25-cv-01785-TL

ORDER ON MOTIONS FOR RECONSIDERATION

This matter is before the Court on Plaintiff Justin Baker's Motion to Reconsider the Court's Order (Dkt. No. 41) on Plaintiff's Motion to Disqualify Attorney Christopher Reed (Dkt. No. 42) and the Court's Order (Dkt. No. 37) on Plaintiff's Motion for Reconsideration of Appointment of Counsel (Dkt. No. 43). Having reviewed the motions and the relevant record, the Court DENIES Plaintiff's motions.

## I.    LEGAL STANDARD

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal

ORDER ON MOTIONS FOR RECONSIDERATION – 1

authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.* Absent such a showing, motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting that reconsideration is an "extraordinary remedy," and that the moving party bears a "heavy burden" (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at 880 (quoting *Kona Enters.*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

## II.    DISCUSSION

### A.    Reconsideration of Order on Plaintiff's Motion to Disqualify Opposing Attorney

The core of Plaintiff's arguments in his motion for reconsideration are the same as the arguments brought in his initial motion. First, he argues that Christopher Reed is a party to the lawsuit because he is considered an "agent and representative" of Thrive Communities Management ("Thrive") and Clarion Partners. Dkt. No. 42 at 1. As the Court stated in its order denying Plaintiff's motion to disqualify Christopher Reed, "While the complaint in the Avenue5 Litigation named Mr. Reed as a defendant, the settlement agreement did not." Dkt. No. 41 at 2; *see also* Dkt. No. 18-2 (Settlement Agreement). Second, the settlement agreement does not mention Thrive as a party. *See* Dkt. No. 18-2 at 1. Christopher Reed also provided a declaration in support of his response to Plaintiff's initial motion confirming that neither he, nor his client,

Thrive, was party to the settlement or part of settlement discussions. Dkt. No. 24 (Reed Decl.) ¶ 3. Third, while Clarion Partners apparently was a party to the settlement (*see* Dkt. No. 18-2 at 1), no attorney ever made an appearance as a representative for Clarion Partners during the litigation in case number C24-1862, and Plaintiff provides no evidence that Mr. Reed was in any way involved with Clarion Partners. *See generally Baker v. Avenue5 Residential et al*, No. C24-1862 (W.D. Wash.). Accordingly, the Court stands by its findings in the Order on Plaintiff's Motion to Disqualify Opposing Attorney.

Plaintiff also asserts in the instant motion that Christopher Reed has a conflict of interest, and that Christopher Reed is in violation of the American Bar Association's Rules of Professional Conduct (*See* Dkt. No. 42 at 1–2, 4)—arguments which he made in his initial motion (*see* Dkt. No. 18 at 1–2). Plaintiff does not make a showing of manifest error in the instant motion. Further, he does not provide any legal authority to support his motion to reconsider. Absent from Plaintiff's instant motion are new facts that could not have been brought, with reasonable diligence, in his initial motion. Further, Plaintiff incorporates additional discussion of the settlement agreement, including screenshots of the agreement pasted within his brief. But Plaintiff already provided the settlement agreement as an attachment to his initial motion. Plaintiff also appears to attempt to re-phrase or expand on previously made arguments. Still, there is no explanation as to why any of the information in the instant motion could not have been provided earlier in the initial motion with reasonable due diligence. Therefore, Plaintiff fails to carry his burden in a motion for reconsideration. *See* LCR 7(h)(1); *Marlyn Nutraceuticals*, 571 F.3d at 880.

**B.      Reconsideration of Order on Motion to Appoint Counsel**

Plaintiff asserts several reasons that the Court should reconsider its order denying his request for appointment of counsel. Plaintiff's arguments include: (1) that he has provided notes

ORDER ON MOTIONS FOR RECONSIDERATION – 3

from medical doctors in support for his need for counsel, and the Court should give weight to the medical opinions; (2) that although the Court highlighted that Plaintiff had articulated complaints as a reason to deny his request for counsel, the Court ignored past complaints in which judges in this District asserted that Plaintiff failed to state a claim and dismissed the action, or in which judges in this District determined Plaintiff didn't follow the Local Civil Rules; (3) that "judges at the courthouse repetitively tell me that I'm articulating fine, yet they tell me my motions are denied"; (4) that Plaintiff does not have the ability to maneuver through lawsuits that consists of elements, statutes, and burdens of proof; (5) that individuals accused of crimes have a right to an attorney, but individuals bringing civil suits do not, despite the fact that such court cases are "strikingly similar"; (6) that the Court has funding to appoint an attorney; and (7) that represented Parties have a much higher likelihood of prevailing. Dkt. No. 43 at 1–3.

Motions for reconsideration are ordinarily denied absent a showing of manifest error in the prior ruling, or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. *See* LCR 7(h)(1). Here, Plaintiff does not provide any showing that there was manifest error in the prior ruling. Further, Plaintiff does not articulate any arguments that could not have been brought in his initial motion, nor does he give any legal authority in support of the instant motion. All of Plaintiff's arguments could have been brought in his initial motion, and he presents no new facts to the Court here. For example, Plaintiff's attached medical note is dated March 18, 2025. Dkt. No. 43 at 6. Plaintiff, however, filed his complaint on September 13, 2025 (Dkt. No. 1-1), his first Motion to Appoint Counsel on September 18, 2025 (Dkt. No. 11), and his second Motion to Appoint Counsel on November 16, 2025 (Dkt. No. 20). He makes no assertions that he could not have submitted medical documentation to the Court at any time prior to the motion for reconsideration. *See generally* Dkt. No. 43. Additionally, Plaintiff does not assert why he could not have made any of his other

ORDER ON MOTIONS FOR RECONSIDERATION – 4

arguments prior to his filing the instant motion, and, considering that such arguments stem from his past encounters with judges in this District and from his general beliefs about the right to counsel in civil cases, it appears he could have made such arguments earlier. *See id*. at 1–3.

Even if Plaintiff had made his arguments earlier, they would have failed. As stated in the Court's initial order denying appointment of counsel, in civil cases, the appointment of counsel to a pro se litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). A court must consider together both "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Furthermore, "Appointment of counsel should be allowed only in exceptional cases." *United States ex. Rel. Gardner*, 352 F.2d at 794.

The Court respects and acknowledges Plaintiff's pleadings that identify he has medical diagnoses, and that those diagnoses are legitimate and likely burdensome in his everyday life. However, Plaintiff's medical diagnoses do not qualify as "exceptional circumstances" in the context of appointing counsel in a civil case. *See Velasquez v. Univ. Med. Ctr.*, No. C08-9, 2008 WL 594721, at *1 (E.D. Cal. Feb. 15, 2008) (finding no exceptional circumstances even though plaintiff requested counsel, in part, due to mental and physical disabilities); *Roberts v. Snohomish County*, No. C16-1464, 2018 WL 828472, at *1 (W.D. Wash. Feb. 12, 2018) (finding no exceptional circumstances where plaintiff requested counsel under Americans with Disabilities Act ("ADA") because the court found no showing that ADA applied, the court had previously denied motion to appoint counsel where plaintiff claimed disability, and the court found plaintiff was not likely to succeed on merits). Additionally, Plaintiff reveals his diagnoses but does not explain how or if they interfered with his ability to successfully litigate his previously completed claim, or with his ability to successfully bring a complaint in the present

ORDER ON MOTIONS FOR RECONSIDERATION – 5

matter. *See Bishop-McKean v. Washington Dep't of Corr.*, No. C20-5416, 2021 WL 3015203, at *1–2 (W.D. Wash. June 15, 2021) (finding no exceptional circumstances where plaintiff requested appointment of counsel due to physical disabilities, where plaintiff showed capability to litigate claims).[1]

Furthermore, Plaintiff argues that, despite being told that past briefs were articulated appropriately, some of his motions have still been denied. But whether a motion is denied depends on its merit; a ruling does not necessarily reflect, or depend upon, whether the motion's author can articulate a point to the court. Motions brought by attorneys from expensive law firms that incorporate both case law and other legal arguments are routinely denied in courts across the country, including this one. As such, although Plaintiff has been told before that he has articulated a motion appropriately, denial very well could have meant that his legal arguments did not have merit, not that he did not clearly articulate his arguments.[2] Plaintiff also argues that he should receive an attorney because defendants in criminal cases have a right to counsel. However, there is a stark difference between the two—in a criminal case, the Sixth Amendment requires that a defendant be given counsel because their liberty (freedom from jail or prison) is at stake. *See* U.S. Const. amend. VI. In a civil case, a Plaintiff does not run the risk of losing their freedom from jail or prison. Finally, despite Plaintiff's assertions that the Court has funding to give him counsel, the Court has limited access to pro bono counsel and limited resources; therefore, any plaintiff who requests counsel must meet the standard for such appointment.

---

[1] Plaintiff successfully filed and brought to conclusion another case in this District without counsel. *See Baker v. Avenue5 Residential et al*, No. C24-1862.

[2] The Court provides general guidance on Plaintiff's example because he has not provided specific examples.

ORDER ON MOTIONS FOR RECONSIDERATION – 6

## C.      Potential Legal Assistance for Plaintiff

Recognizing that Plaintiff seeks assistance with this matter, the Court informs Plaintiff of a potential resource: the Federal Civil Rights Legal Clinic, which offers free, limited-scope assistance to self-represented litigants in federal civil-rights cases, including, but not limited to, following court rules and procedures or preparing case documents. Participation is voluntary, and the Clinic operates independently from the Court. To request an appointment, Plaintiffs in Seattle may submit the online form available at www.kcba.org/nlc, or call 206-267-7070 and press "1" to leave a message. In Tacoma, Plaintiffs may request an appointment by calling 253-368-6690.

### III.      CONCLUSION

Accordingly, Plaintiff's Motion to Reconsider Motion to Disqualify Attorney Christopher Reed (Dkt. No. 42) and Motion for Reconsideration of Appointment of Counsel (Dkt. No. 43) are DENIED.

Dated this 18th day of February, 2026.

Tana Lin
United States District Judge

ORDER ON MOTIONS FOR RECONSIDERATION – 7