UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN BAKER,

                Plaintiff,

    v.

LIFETIME ADVOCACY PLUS et al.,

                Defendants.

CASE NO. 2:25-cv-01785-TL

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 128)

This matter comes before the Court on the Honorable Judge Tana Lin's denial (Dkt. No. 128) of Plaintiff's motion for her recusal (Dkt. No. 61). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Lin's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 128) - 1

bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

It appears that Judge Lin's orders denying Plaintiff's motion for appointment of counsel and request to disqualify defense counsel are the primary motivating factors underlaying Plaintiff's motion to recuse.  (*See* Dkt. No. 61.)  Plaintiff further alleges Judge Lin has shown "bias" and "favoritism" towards opposing counsel by striking some of his filings while allowing opposing counsel to file declarations in response to Plaintiff's allegations.  (Dkt. No. 61 at 1.)  Finally, Plaintiff contends that Judge Lin "attempts to undermine and disregard [his] medical needs for [his] disabling conditions, by manipulating the court record and stating [he hasn't] provided sufficient medical evidence[.]"  (*Id.*)

As Judge Lin's order denying recusal cogently explains, none of these reasons create an appearance of bias to an objective observer, and none support recusal.  With respect to Judge Lin's orders denying Plaintiff's motions, adverse rulings cannot serve as the basis for a recusal motion.  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal"); *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias.").  Regarding Plaintiff's complaint that Judge Lin struck some of

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 128) - 2

Plaintiff's filings and not defense counsel's, Judge Lin's actions were in compliance with courtroom rules and procedure.  As explained in Judge Lin's order denying recusal, Judge Lin struck certain filings that were "'neither requested by the Court, nor allowed under the Court's rules.'"  (Dkt. No. 128 at 11 (quoting Dkt. No. 37 at 3)); *see Liteky v. United States*, 510 U.S. 540, 556 (1994) (a judge's "ordinary efforts at courtroom administration" do not constitute bias or partiality).  Finally, Plaintiff has not presented evidence of bias from Judge Lin regarding his disability status that would warrant recusal.

The Court finds Plaintiff provides no evidence that would lead a reasonable person to question Judge Lin's impartiality.  Accordingly, the Court AFFIRMS Judge Lin's denial (Dkt. No. 128) of Plaintiff's motion for recusal (Dkt. No. 61).

Dated this 24th day of April, 2026.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 128) - 3