UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br>Plaintiff,<br><br>v.<br><br>LIFETIME ADVOCACY PLUS et al.,<br>Defendants. | CASE NO. 2:25-cv-01785-TL<br><br>ORDER ON MOTION FOR INJUNCTIVE RELIEF PENDING APPEAL |

This matter is before the Court on Plaintiff Justin Baker's Motion for Injunction Pending Appeal. Dkt. No. 158. Having reviewed the motion, Defendants' response (Dkt. No. 161), Plaintiff's reply (Dkt. No. 163), and the relevant record, the Court DENIES the motion.

## I. BACKGROUND

On June 5, 2026, the Court granted Defendants' Motion for Summary Judgment and dismissed all of Plaintiff's claims. *See* Dkt. No. 150 (Order on Motion for Summary Judgment). That same day, Plaintiff filed a notice of appeal to the Ninth Circuit (Dkt. No. 152). On

September 19, 2026, Plaintiff filed the instant motion.[1] The matter is fully briefed and ripe for the Court's review. The Court assumes familiarity with the facts of this case. *See* Dkt. No. 150.

## II. Legal Standard

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). One exception, however, is outlined in Federal Rule of Civil Procedure 62(d), under which Plaintiff moves for relief (*see* Dkt. No. 158 at 1). Pursuant to Rule 62(d), "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify *an injunction*, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d) (emphasis added). There are three fundamental characteristics of an injunction, which are that it is: "(1) directed to a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the substantive relief sought by a complaint in more than [temporary] fashion." *In re Lorillard Tobacco Co.*, 370 F.3d 982, 986 (9th Cir. 2004) (quotation omitted).

## III. Discussion

The instant motion does not stem from a grant or denial of injunctive relief. Although summary judgment orders can be injunctive, *see Nw. Env't Advocates v. United States Env't Prot. Agency*, No. C20-1362, 2022 WL 1801472, at *1 (W.D. Wash. June 2, 2022), the Court's Order on Motion for Summary Judgment did not constitute an injunction under the *Lorillard*

---

[1] Although Plaintiff's motion is titled on the Court's docket as a "MOTION for Temporary Restraining Order FOR INJUNCTION PENDING APPEAL, PRESERVATION OF TRUST ASSETS, AND PROTECTION OF TRUST-RELATED COMMUNICATIONS," it is not labeled as a temporary restraining order in the brief itself. Plaintiff does not reference the words, "temporary restraining order"; therefore, the Court considers this a motion for injunctive relief, which Plaintiff does reference in his brief. Additionally, Plaintiff filed a reply, which is not allowed for motions for temporary restraining orders but is allowed for motions for injunctive relief. *See* LCR 7(d)(1), (4).

*Tobacco Co.* factors. In the Court's order, it granted Defendants' request to dismiss Plaintiff's claims. The Order did not direct a Party to take or refrain from any action, enforceable by contempt. The Order did not "design[ ] to accord or protect some or all of the substantive relief sought by a complaint in more than [temporary] fashion." *In re Lorillard Tobacco Co.*, 370 F.3d at 986. As such, the Court's order does not meet the requirements of an injunction. Plaintiff's appellate brief, which does not reference any order or denial of injunctive relief, confirms this. *See generally* Dkt. No. 170. Without an order that is injunctive that is the subject of an appeal, the Court is stripped of jurisdiction to rule on Plaintiff's motion. *See, e.g., Mitchell v. United States*, No. C09-8089, 2019 WL 4141063, at *2 (D. Ariz. Aug. 30, 2019) (denying motion for stay of execution for lack of jurisdiction because Rule 62(d) requires the appealed matter to be related to an injunction, and petitioner was not "appealing an order granting or denying injunctive relief.") (citing *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, No. C09-598, 2011 WL 2441679, at *4 (D. Haw. June 14, 2011); *Biltmore Assocs., L.L.C., as Tr. v. Twin City Fire Ins. Co.*, No. C2:05-4220, 2007 WL 2422053, at *1 (D. Ariz. Aug. 22, 2007)).

## IV. Conclusion

Accordingly, Plaintiff's Motion for Injunction Pending Appeal (Dkt. No. 158) is DENIED.

Dated this 7th day of October, 2026.

Tana Lin
United States District Judge